762 F.2d 1009
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
HERMAN L. MELVIN, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEEE.
 NO. 84-5391
 United States Court of Appeals, Sixth Circuit.
 4/30/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
 BEFORE: MERRITT and MILBURN, Circuit Judges; GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Herman L. Melvin appeals the adverse decision of the district court affirming the final decision of the Secretary denying his request for supplemental security income benefits under the Social Security Act. The final decision of the Secretary by the Appeals Council was that the plaintiff's exertional limitations do not prevent him from performing substantial gainful activities and that his alleged nonexertional impairment (pain) does not significantly affect his capacity to perform sedentary work.
 
 
 2
 This court must affirm the Secretary's determinations if it finds substantial evidence in the record, viewed as a whole, whih supports the Secretary's decision. Gibson v. Secretary of Health and Human Services, 678 F.2d 653, 654 (6th Cir. 1982). See also Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427 (1971). Since we find such substantial evidence in the record, we affirm.
 
 I.
 
 3
 Plaintiff's medical history includes the following surgery: a right nephrectomy, a right orchiectomy and radical groin dissection, an aortofemoral bypass graft, and a laminectomy to his low back. It is the pain which the plaintiff alleges as a result of the laminectomy which is the primary basis for his claim of disability.
 
 
 4
 The laminectomy was performed by Dr. Beddow in April of 1975. Dr. Beddow stated that the plaintiff could return to moderate work in December, 1975. His diagnosis was unstable back due to disc surgery. In June and July of 1980, the plaintiff was admitted to the hospital with complaints of lower right quadrant back pain. The plaintiff's treating physician, Dr. Mouazzan, stated that he felt the plaintiff's pain was 'inproportionate' to the physical findings and that much of the pain was caused by anxiety. Dr. Mouazzan noted that he had consulted with a Dr. Turmin and both had concluded that the plaintiff's pain was a 'dilemma.' In November of 1980, Dr. Mouazzan reported that 'the patient keeps complaining of disabling type of pain which is generalized in distribution with no real objective findings.' Dr. Mouazzan reported that the plaintiff's physical examination at that time was normal and he diagnosed artharalgia, etiology unknown.
 
 
 5
 Dr. Mouazzan came to the conclusion, after his long-term observation of the plaintiff, that apparently the complaints of pain were real and that the plaintiff was disabled. However, on a Physical Capacities Evaluation Form, when asked to appraise the plaintiff's physical capacities strictly on medical findings, Dr. Mouazzan check marked that the plaintiff could lift and carry as much as one hundred (100) pounds occasionally and fifty (50) pounds frequently. Dr. Mouazzan indicated that the plaintiff was restricted to no more than four hours of walking but that his abilities to sit and stand were unimpaired.
 
 
 6
 In December of 1980, Dr. Mouazzan reported that the plaintiff's right lower quadrant pain improved significantly after the nephrectomy, but that the plaintiff kept having 'arthritic pain which could not be explained completely by objective findings.'
 
 
 7
 In May of 1981, Dr. Mouazzan again stated that he believed the plaintiff with regard to his complaints of pain and that he was disabled. However, Dr. Mouazzan admitted that the question of the plaintiff's disability 'really remains to be a dilemma.'
 
 
 8
 In denying plaintiff's application for benefits, the Appeals Council stated in pertinent part as follows:
 
 
 9
 The criteria for evaluating symptoms, including pain, is set forth in Section 416.929 of the Regulations and is further explained in Social Security Ruling 82-58. Under these criteria, symptoms--including pain--are considered to the extent that signs and laboratory findings confirm them. A finding of disability will not be made based on symptoms alone unless the medical sings and/or findings show the presence of a medical condition which could reasonably be expected to produce those symptoms. In this case, claimant complains of generalized pain and has been treated for such complaints with analgesics. The treating physician reported that the analgesics relieved the pain. Further, investigations for the source of claimant's pain have been undertaken, and no objective evidence has been reported as a basis for the pain. . . . [W]ith the physician's report that claimant's pain responds to analgesics and with the indication that there are no further restrictions on claimant's physical activities, there is no crediable evidence of a medical condition that could be expected to produce pain of such severity as to be disabling.
 
 II.
 
 10
 Plaintiff's first argument is that Social Security Ruling 82-58 is in direct conflict with numerous decisions by this circuit. Without passing on the validity of Social Security Ruling 82-58, we note that the standard applied by the Appeals Council provided that (1) symptoms are considered to the extent that sings and laboratory findings confirm them; and (2) that a finding of disability will not be made based on symptoms alone unless the medical signs and/or findings show the presence of a medical condition which could reasonably be expected to produce those symptoms. This statement of the standard for evaluating complaints of pain is consistent with the Regulations, see 20 C.F.R. Sec. 404.1529, and recent decisions of this court. See, e.g., Beavers v. Secretary of Health and Human Services, 577 F.2d 383 (6th Cir. 1978); King v. Heckler, 742 F.2d 968, 973, 975 (6th Cir. 1984); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980).
 
 
 11
 Turning to the merits of the Secretary's decision, we find substantial evidence in support thereof. Although Dr. Mouazzan concluded that the plaintiff is disabled, he also was of the opinion that plaintiff's disability was a 'dilemma.' Dr. Mouazzan was clearly basing his conclusion of disabling pain on the credibility of the plaintiff.
 
 
 12
 Broad conclusory formulations regarding the ultimate issue which must be decided by the Secretary are not determinative of the question of whether or not an individual is under a disability. Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 538 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983); 20 C.F.R. Sec. 404.1527. 'This is particularly true when pain is the disabling illness.' Kirk, supra, 667 F.2d at 538 (citing Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980); 20 C.F.R. Sec. 404.1529). In determining whether a claimant is disabled for social security purposes, it is for the ALJ to judge the claimant's credibility:
 
 
 13
 Since credibility, especially with alleged pain, is crucial to resolution of the claim, the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.'
 
 
 14
 Kirk, supra, 667 F.2d at 538 (quoting Beavers, supra, 577 F.2d at 387).[1]
 
 
 15
 In the case sub judice, the ALJ specifically found that the plaintiff's allegations of pain 'are lacking in persuasive content.' Because there is in fact no medical evidence to support the plaintiff's complaints of pain, we must defer to the ALJ's determination as to the plaintiff's credibility. Kirk, supra, 667 F.2d at 538.
 
 
 16
 Finally, the plaintiff argues that the Secretary was in error in failing to address the lay witness testimony which supported his complaints of pain. In support of his position, the plaintiff cites Lashley v. Secretary, 708 F.2d 1048 (6th Cir. 1983), wherein this court held that lay witness testimony must be given perceptible weight. However, in Lashley, the Court stated that: 'Perceptible weight must be given to lay witness testimony where, as here, it is fully supported by the reports of the treating physicians.' 708 F.2d at 1054 (emphasis supplied). Here, the lay testimony is not supported by the reports of the treating physicians. The opinions of treating physicians are to be accorded weight only where supported by clinical findings. Kirk, supra, 667 F.2d at 538. Although the lay witness testimony may be fully supported by the subjective conclusions of the treating physicians as to the plaintiff's credibility, such testimony is not fully supported by the medical reports. Under these circumstances, the Secretary did not err in refusing to address the lay witness testimony.
 
 III.
 
 17
 Because the decision of the Secretary is supported by substantial evidence and was rendered pursuant to correct legal standards, the decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Horace W. Gilmore, Judge, United States District Court for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 We note that this passage is taken from that part of the Kirk opinion affirming the decision of the Secretary denying plaintiff's prior application for benefits under Title II