791 F.2d 933
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BERLIN B. JOHNSON, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5484
 United States Court of Appeals, Sixth Circuit.
 4/30/86
 
 AFFIRMED
 E.D.Ky.
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY
 BEFORE: JONES and WELLFORD, Circuit Judges; and GILMORE, District Judge.*
 Per Curiam.
 
 
 1
 Appellant Berlin B. Johnson appeals from the denial of Social S curity Disability benefits. Two previous applications had also been denied, the latter in a memorandum issued by an Administrative Law Judge on October 20, 1982. The prior denials hd been appealed to the district court which affirmed in both cases;no further appeal was taken. Johnson last met the special earnings requirement of the Act on December 31, 1982.
 
 
 2
 Like the earlier applications, this third claim asserted that Johnson had become disabled in June 1977, the month he ceased working as a coal miner. After the claim was administratively denied, a hearing was held before an ALJ. The ALJ considered the prior denials of benefits as 'establishing that the claimant was not disabled as of October 20, 1982.' This was proper. While findings of fact made in a determination on one claim 'may be revised in determining or deciding' a subsequent claim brought on the same earnings record, 20 C.F.R. Sec. 404.995, the Secretary is not required to reopen an earlier determination and the decision not to do so is not reviewable by the court. See Califano v. Sanders, 430 U.S. 99, 109 (1977). Because his eligibility for benefits ended December 31, 1982, Johnson's burden was to show that he became disabled in the two-month period between October 20 and December 31, 1982. See Gibson v. Secretary of H.H.S., 678 F.2d 653, 654 (6th Cir. 1982). The ALJ's conclusion that Johnson had not met that burden must be affirmed if supported by substantial evidence. Id.
 
 
 3
 The records of five physicians were introduced, but all had examined or treated Johnson after December 1982; the earliest of these records was dated in July 1983. While these records would arguably support a finding that Johnson was disabled at the time of the hearing in 1984, none of the medical evidence relates back to the crucial period in 1982; nor did any of the physicians express an opinion of Johnson's condition during that period. Johnson himself stated at the hearing that his symptoms had worsened since 1982. In short, there was simply no evidence that could have supported a finding that Johnson was disabled between October 20 and December 31, 1982. The Secretary's determination that he was not disabled must be upheld.
 
 
 4
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 Honorable Horace W. Gilmore, United States District Court for the Eastern District of Michigan, sitting by designation