Edgar **GIBSON**, Plaintiff-Appellant,

v.

**SECRETARY OF HEALTH, EDUCATION AND WELFARE,**
Defendant-Appellee.

No. 81–3020.

United States Court of Appeals,
Sixth Circuit.

Submitted on Briefs April 21, 1982.

Decided May 20, 1982.

William M. Culbert, Culbert & Adkins, Toledo, Ohio, Frank J. Neff, Barkan & Neff Co., L. P. A., Columbus, Ohio, for plaintiff-appellant.

Patrick J. Foley, Asst. U. S. Atty., Toledo, Ohio, Steven J. Plotkin, Chicago, Ill., for defendant-appellee.

Before BROWN and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

BOYCE F. MARTIN, Jr., Circuit Judge.

Edgar Gibson appeals the denial of social security disability benefits. Gibson, aged fifty-nine, is a former truck driver and construction machinery operator. He alleges that he became disabled "about 1968" from respiratory disease, high blood pressure, and psychological problems.

This case represents Gibson's second attempt to obtain disability benefits. The record reveals that he filed a previous application for benefits on September 3, 1971. That application was denied on June 8, 1972 and was not appealed. Gibson's non-disability as of June 8, 1972 is therefore established as a matter of res judicata. *Maddox v. Richardson*, 464 F.2d 617 (6th Cir. 1972).

Gibson last met the special earnings requirements of the Act on June 30, 1972. In order to prevail on the present claim, he must show that he became totally disabled between June 8, 1972 and June 30, 1972.

Our standard of review on appeal is whether there is substantial evidence in the record, viewed as a whole, to support the Secretary's determination. *See* 42 U.S.C. § 405(g), section 205(g) of the original Act. In *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), the Supreme Court elaborated on the "substantial evidence" rule:

> [W]e turn to the statutory standard of "substantial evidence" prescribed by § 205(g). The Court has considered this very concept in other, yet similar, contexts. The National Labor Relations Act, § 10(e), in its original form, provided that the NLRB's findings of fact "if supported by evidence, shall be conclusive." 49 Stat. 454. The Court said this meant "supported by substantial evidence" and that this was "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, [59 S.Ct. 206, 216, 83 L.Ed. 126, 140] (1938).

The Court has adhered to that definition in varying statutory situations. See *NLRB v. Columbian Enameling & Stamping Co.*, 306 U.S. 292, 300, [59 S.Ct. 501, 505, 83 L.Ed. 660, 665] (1939); *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 477–487, [71 S.Ct. 456, 459–63, 95 L.Ed. 456, 461–467] (1951); *Consolo v. Federal Maritime Comm'n*, 383 U.S. 607, 619–620, [86 S.Ct. 1018, 1026, 16 L.Ed.2d 131, 140] (1966).

Of particular importance to Mr. Gibson's case is the requirement that he establish the onset of disability *prior to* the expiration of his insured status. *LeMaster v. Weinburger*, 533 F.2d 337 (6th Cir. 1976). We have reviewed the record below and conclude that there was substantial evidence to support the Secretary's finding that Gibson failed to carry this burden of proof.

The medical evidence establishes that the claimant suffers from respiratory disease. However, in weighing this evidence, the Secretary could reasonably have decided that Gibson was not disabled in 1972. The first report of Dr. Hobe, claimant's treating physician, indicates that as of 1971, Gibson's asthma was responding well to treatment and was under control. Four years later, in 1976, Dr. Hobe did characterize his patient's respiratory problem as "severe," however, he appended to his report the comment "I am not certain as to why [Gibson] quit work." The Secretary could logically have interpreted this observation to mean that Dr. Hobe did not consider his patient too ill to engage in some gainful employment.

At the administrative hearing, a vocational expert testified that an individual with Gibson's personal characteristics and alleged impairments would be capable of sedentary work in a clean environment. The expert further indicated the availability of such jobs.

Thus, although there is other medical evidence in the record which paints a gloomier picture of Mr. Gibson's health in 1972, we cannot find that the Secretary's conclusion was unsupported by "substantial evidence."

A similar situation obtains with respect to Mr. Gibson's alleged psychological impairment. The evidence does demonstrate that the claimant suffers from psychological problems; that evidence is not, however, so unequivocal that the Secretary was required, as a matter of law, to enter a finding of disability as of June, 1972.

Finally, we agree with the appellee that Gibson's participation in the S.S.I. program does not compel a reversal of the decision below. Claimant, who received Ohio State disability benefits, was "grandfathered" into the S.S.I. program in 1973. This is not, however, conclusive of the issue of disability for purposes of the present matter, for the definition of "disability" contained in the Social Security Act is more rigorous than its counterpart under the old Ohio State Plan.

The judgment is affirmed.