**William R. ROACH, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**No. C–3–79–415.**

United States District Court, S. D. Ohio, W. D.

July 20, 1982.

---

Dwight L. Fullerton, Columbus, Ohio, for plaintiff.

Joseph E. Kane, Asst. U. S. Atty., Columbus, Ohio, for defendant.

DECISION AND ENTRY SUSTAINING DEFENDANT'S OBJECTIONS TO REPORT AND RECOMMENDATION OF THE MAGISTRATE; MAGISTRATE'S REPORT AND RECOMMENDATION ADOPTED IN PART AND REJECTED IN PART; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OVERRULED; DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SUSTAINED; TERMINATION ENTRY

RICE, District Judge.

This matter is before the Court pursuant to Defendant's objection, filed under 28 U.S.C. § 636(b)(1)(C), to the Magistrate's Report and Recommendation that the case be remanded to the Secretary to determine specifically what jobs Plaintiff can perform and whether they exist in the national economy.

Plaintiff filed applications for disability benefits and for supplemental security income on November 16, 1978, and January 19, 1979, respectively, alleging that he had been disabled on December 16, 1977, due to a back injury, back and leg pain, and arthritis in the shoulders and back. The applications were denied initially and upon reconsideration by the Social Security Administration, whereupon Plaintiff requested a hearing. On July 11, 1979, a hearing was held before an Administrative Law Judge (ALJ), before whom Plaintiff appeared with his attorney. The ALJ rendered a decision on July 20, 1979, finding that Plaintiff was not under a disability and was not entitled to benefits. Plaintiff then requested review by the Appeals Council, and the Council affirmed the ALJ's decision on September 19, 1979.

On November 16, 1979, Plaintiff filed his complaint with this Court, seeking judicial review of the administrative decision. The matter was referred to the United States Magistrate on the same date, pursuant to 28 U.S.C. § 636(b)(1). Upon cross motions for summary judgment, the Magistrate, in a

"Report and Recommendation" dated January 28, 1981, recommended that the case be remanded to the Secretary, as noted above.

Defendant then filed a motion to review the Report of the Magistrate on February 20, 1981, pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff filed no written objections to the Report, or a memorandum contra to Defendant's motion.

In reviewing the decision of the Secretary, the Magistrate's task is to determine if that decision is supported "by substantial evidence." Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Report of the Magistrate, is required to make a *de novo* review of those recommendations of the Magistrate's Report to which objection is made. This *de novo* review, in turn, requires this Court to reexamine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of fact by the Secretary are supported by "substantial evidence." 42 U.S.C. § 405(g); *Gibson v. Secretary of Health, Ed. and Welfare*, 678 F.2d 653, 654 (6th Cir. 1982); *Parish v. Califano*, 642 F.2d 188, 189 (6th Cir. 1981).

Having reviewed the evidence and pleadings in the record, the Court finds that the Magistrate accurately stated that there was substantial evidence to support the ALJ's conclusion that Plaintiff could perform sedentary work. Report at 3–4. Hence, this conclusion by the Magistrate (not challenged by Defendant in his motion to review) is adopted by this Court.

In reaching his conclusion, the ALJ applied Rule 201.22 of the medical-vocational (or "grid") guidelines. 20 C.F.R. Subpart P, App. 2 (1979). However, the Magistrate further held that Rule 201.22 does not fully apply when an individual claims both exertional and nonexertional limitations, and that the Secretary must introduce evidence of specific jobs Plaintiff could perform in light of his physical condition and vocational background. Report at 4. Since the ALJ relied on the guidelines, no such evidence was received, and the Magistrate recommended a remand to receive such evi-

dence, preferably through a vocational expert. *Id.* at 5.

It is true, as the Magistrate suggests in his Report, that the grid "specifically disclaims an ability to predict disability when nonexertional limitations are the focus of a claimant's impairment." *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 528 (6th Cir. 1981) (citing 20 C.F.R. Subpart P, App. 2, § 200.00(e) (1981)). However, it is also true, as suggested by Defendant in his motion to review, that

> before reaching the conclusion that the grid will not be applied because claimant alleges nonexertional limitations, those nonexertional limitations must be severe enough to restrict a full range of gainful employment at the designated level . . . . If appellant's argument were taken to its logical conclusion, any allegation of nonexertional limitations would preclude resort to the grid and thus frustrate the Congressional intention of simplifying and expediting the adjudicative process.

*Kirk, supra*, 667 F.2d at 537.

In the instant case, the ALJ specifically addressed this point, and found that the evidence established that Plaintiff's alleged mental impairment (anxiety neurosis) did *not* limit his ability to engage in sedentary work (Tr. 16). The Court finds that this conclusion is supported by substantial evidence. Thus, in the circumstances of this case, the Magistrate was incorrect in holding that the Secretary must receive further evidence, through a vocational expert or otherwise, of specific jobs which Plaintiff could perform. The Magistrate's Report is rejected to the extent that it recommends a remand to receive further evidence. Accordingly, Defendant's objections to the Report are well taken.

WHEREFORE, for the aforestated reasons, the Magistrate's Report and Recommendation is adopted in part and rejected in part. Plaintiff's motion for summary judgment is overruled, and Defendant's motion for summary judgment is sustained. It is so ordered. The Clerk of Court shall enter judgment for the Defendant.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.