758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MAURICE W. OAKLEY, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-5196
 United States Court of Appeals, Sixth Circuit.
 2/11/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY
 BEFORE: WELLFORD and MILBURN, Circuit Judges, and HILLMAN, District Judge.*
 PER CURIAM.
 
 
 1
 Claimant, Maurice Oakley, appeals from an adverse decision of the district court affirming the Secretary's determination that claimant is not entitled to social security disability benefits. This court must affirm the Secretary's determination if it finds substantial evidence in the record, viewed as a whole, which supports the Secretary's decision. See Richardson v. Perales, 402 U.S. 389 (1971); Gibson v. Secretary of Health and Human Services, 678 F.2d 653, 654 (6th Cir. 1982). Since we find such substantial evidence in the record, we AFFIRM.
 
 
 2
 Claimant primarily contends that a back injury sustained in a fall causes him such pain that he is unable to engage in any substantial gainful employment.[1] The evidence indicates that claimant unquestionably suffers from back pain. The question before this court, therefore, is whether substantial evidence supports the Secretary's finding that the pain is not severe enough to be disabling within the meaning of the Act. Both the ALJ and the district court carefully analyzed the medical evidence presented. The ALJ also had the benefit of viewing the demeanor of claimant during the hearing. Particularly when there is a dramatic discrepancy between the medical evidence and claimant's testimony of severe pain, '[c]redibility . . . is crucial to the resolution of a claim . . . and therefore the administrative law judge's opportunity to observe the demeanor of a claimant is invaluable, and should not be discarded lightly.' Kirk v. Secretary of Health and Human Services, 667 F.2d 524 (6th Cir. 1981), cert. denied, 103 S. Ct. 2428.
 
 
 3
 Furthermore, we find no merit to claimant's argument that the grids, 20 C.F.R. Sec. 404.1598, Subpart P, App. II, Table 1, Rule 201.21, are inapplicable because the evidence supports a finding that claimant's pain is not severe enough to be a non-exertional physical impairment. See Grant v. Schweiker, 696 F.2d 189 (4th Cir. 1983); Smith v. Schweiker, 719 F.2d 723 (4th Cir. 1984).
 
 
 4
 Accordingly, for the reasons stated in both the ALJ's and Judge Ballantine's careful analyses of the facts, testimony, and medical evidence, we AFFIRM the conclusion that the claimant, considering his residual functional capacity, age, education and work experience, is not disabled.
 
 
 
 *
 HONORABLE DOUGLAS W. HILLMAN, United States District Court for the Western District of Michigan, sitting by designation
 
 
 [1]
 Claimant also complains of pulmonary problems, although we note that he smokes a pack of cigarettes a day. The ALJ and district court found that he suffers from a 'mild degree of obstructive lung disease,' and medical reports as well as claimant's own testimony indicate the problem does not contribute to his disability. Notably, claimant worked without complaint until he injured his back, and only after the accident did he have ventilatory studies performed