758 F.2d 653
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JUDITH ANNE MARTIN, PLAINTIFF-APPELLANT,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, DEFENDANT-APPELLEE.
 NO. 84-1069
 United States Court of Appeals, Sixth Circuit.
 2/15/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: KENNEDY, CONTIE and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Judith Anne Martin, appeals from an adverse decision of the district court affirming the Secretary's determination that plaintiff is not entitled to social security benefits. This court must affirm the Secretary's determination if it finds substantial evidence in the record, viewed as a whole, which supports the Secretary's decision. Gibson v. Secretary of Health and Human Services, 678 F.2d 653, 654 (6th Cir. 1982). See Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Since we find such substantial evidence in the record, we affirm.
 
 
 2
 Plaintiff's main contention is that anxiety neurosis, a nonpsychotic functional disorder, causes her such difficulty in coping with everyday life that she is unable to engage in any substantial gainful employment. Plaintiff, who was 33 years of age at the time she testified before the Administrative Law Judge ('ALJ'), has completed all the course work for a master's degree in political science, and was last employed as Director of Labor Studies at a community college. Plaintiff testified that she left this position because, 'The job had been very stressful for a couple of years. I got to the point where I shut down and I wasn't able to do it anymore.'
 
 
 3
 Plaintiff also testified that she began therapy in 1979 and has not worked since September, 1980. Previously, she had worked as an assistant community services coordinator, an instructor, a textbook department technician, and a graduate teaching assistant.
 
 
 4
 Plaintiff undeniably met her burden in proving that she could not perform her past work. The issue on appeal is whether the Secretary effectively met her burden in showing that plaintiff had the residual functional capacity to perform work related functions other than work involving high levels of stress, close supervision, deadlines or strict quotas.
 
 
 5
 The ALJ found that in spite of the plaintiff's nonexertional impairment she retained the residual functional capacity to perform jobs such as research assistant in political science at a university, private industry or the government; library technician; library assistant; personnel records clerk or office worker. The ALJ determined that plaintiff could perform nonstressful work based on the following: (1) medical evidence showing that plaintiff's conditions are not attended by clinical findings that meet or equal in severity the listing for functional nonpsychotic disorders, 20 C.F.R. Part 404, Subpart P, Appendix 1, Sec. 12.04, (2) medical evidence showing plaintiff's impairment has not reached a level of severity so as to preclude her from performing all substantial gainful employment, and (3) evidence showing that plaintiff's episodes of emotional symptoms are not of a degree to significantly limit or restrict her ability to perform basic work related activities.
 
 
 6
 There is substantial evidence to support the findings of the ALJ. The medical record of Dr. J. Kohlenberg, a nontreating consultative internist, relates among other facts that 'she was alert, oriented, well nourished, well developed, in no acute distress . . .' although 'she became very upset and shaky when she was stressed with repeated questions.' In addition, plaintiff's treating therapist, Ms. Paula Meredith, stated that the plaintiff came alone to appointments, was 'punctual in keeping appointments and committed to her treatment.' In addition, Ms. Meredith found that 'she was currently interested in the arts, . . . spends time at the library and museum, lives alone and cares for her own needs and that she was 'able to relate to a few neighbors and friends.' Somewhat conflicting evidence was found by Dr. Marks, who remarked, 'poor grooming of her fingernails.' Dr. Marks performed a consultative psychiatric examination for the Social Security Administration and found plaintiff to have an 'anxiety reaction in fair remission at this time.'
 
 
 7
 In addition to this medical evidence, plaintiff by her own testimony manages to pay her bills by money order, occasionally goes to dinner with a friend, drives a car everyday and feeds and cares for herself daily. She takes no drugs and has never been hospitalized.
 
 
 8
 Based on the medical records and the testimony, therefore, we find that there was substantial evidence to support the Secretary's denial of benefits. See Back v. Califano, 593 F.2d 758 (6th Cir. 1979). Accordingly, we affirm the judgment of the district court.
 
 
 9
 KENNEDY, Circuit Judge, dissenting.
 
 
 10
 I agree with the majority of the panel that there is substantial evidence to support the Administrative Law Judge's finding that claimant retained the residual functional capacity to perform nonstressful jobs. Dr. Marks, a psychiatrist, found when he saw her in January 1982, that although she suffered from anxiety reaction, it was in fair remission.
 
 
 11
 However, we are reviewing the decision of the Appeals Council which also had before it the February 16, 1983 report of Doctors Partin and Wolfson, who had been seeing claimant for weekly psychotherapy sessions during the preceding seven months. I believe their report requires a finding of disability for that period since they report that she has difficulty in merely caring for herself. The ALJ did not have this report, but it was accepted by the Appeals Council. Without explanation the Appeals Council stated that the report did not provide a basis for changing the ALJ's decision. Unless rejected as unreliable, and no basis for such rejection appears in the record, I believe it does require a change and an award of benefits.
 
 
 12
 I therefore respectfully dissent.