780 F.2d 1023
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
(The decision of the Court is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.)
PHILLIP STEVENS, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 85-5238
 United States Court of Appeals, Sixth Circuit.
 11/5/85
 
 AFFIRMED
 E.D.Ky.
 ON APPEAL from the United States District Court for the Eastern District of Kentucky
 Before: ENGEL and KENNEDY, Circuit Judges; Cook,* District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Phillip Stevens, appeals from the District Court order affirming the decision of the Secretary of the Department of Health and Human Services ('the Secretary') denying social security disability insurance benefits. Appellant alleges disability from lower back pain, alcoholism, and cardiopulmonary disease. Appellant was born on January 26, 1939 and completed the seventh grade. Appellant testified at the administrative hearing that he last worked as CETA worker on a road construction crew. Before that, appellant worked for fifteen years as an unskilled construction laborer and as a machine operator in various factories.
 
 
 2
 Appellant initially filed an application for social security disability insurance and supplemental security income benefits on December 24, 1980 alleging disability from a slipped disc in the spine, numbness in the right leg, prostate gland trouble, and pleurisy. The Secretary denied the application initially and again onreconsideration. Appellant requested a hearing before an Administrative Law Judge ('ALJ'). The ALJ concluded that appellant was not disabled. The Appeals Council denied appellant's request for review of the ALJ's hearing decision. Appellant brought an action in the United States District Court for the Eastern District of Kentucky. The District Court remanded the case to the Secretary for further administrative action.
 
 
 3
 On remand, the ALJ concluded that appellant qualified for supplemental security income benefits beginning on November 1, 1980. The ALJ, however, found that '[t]he claimant was not disabled at any time prior to November [sic] 1, 1980.' Consequently, the ALJ concluded that appellant did not qualify for social security disability insurance benefits because appellant did not become disabled prior to the expiration of his insured status on September 30, 1979. The Appeals Council, while adopting 'the findings and conclusions in the recommended decision,' initially concluded that appellant did not qualify for social security or supplemental security income benefits. After appellant commenced this action in the United States District Court for the Eastern District of Kentucky, the Appeals Council amended its prior decision and awarded supplemental security income benefits based upon a disability beginning November 1, 1980. The cover letter accompanying the Appeals Council's amended decision stated: 'It was the intention of the Appeals Council to adopt the administrative's law judge [sic] recommended decision which allowed the Supplemental Security Income claim; however, due to a typographical error, the word 'not' was inserted.' In this appeal, appellant contends that he became disabled prior to September 30, 1979, the date on which his insured status for social security disability benefits expired. For the reasons set forth below, we affirm the District Court order dismissing appellant's complaint.
 
 
 4
 Although appellant raises five issues, essentially appellant argues that substantial evidence does not support the Secretary finding that appellant was not disabled prior to the expiration of his insured status. Under 42 U.S.C. Sec. 405(g), '[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..' The Supreme Court has defined substantial evidence as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). We may not overturn the Secretary's findings unless this panel determines that substantial evidence does not support those findings. Kirk v. Secretary, 667 F.2d 524, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). The ALJ's findings of fact became the Secretary's findings when the Appeals Council allowed the ALJ's decision to stand as the final decision of the Secretary.
 
 
 5
 A social security disability insurance claimant bears the ultimate burden of proof on the issue of disability. Richardson v. Heckler, 750 F.2d 506, 509 (6th Cir. 1984). Consequently, appellant must establish the onset of disability prior to the expiration of his insured status. Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982). Accordingly, an impairment or combination of impairments which becomes disabling after the expiration of appellant's insured status cannot serve as the basis for an award of social security disability insurance benefits. We hold that substantial evidence supports the Secretary's finding that appellant was not disabled on September 30, 1979, the expiration of his insured status.
 
 
 6
 Although the medical evidence establishes a long history of recurrent episodes of lower back pain since 1975, the mere presence of back pain does not constitute a disabling impairment. The administrative record indicates that about November 1, 1980, claimant reinjured his back while lifting heavy furniture. Claimant subsequently underwent lower back surgery in February 1981. In a February 2, 1981 medical report, Dr. Ewell G. Scott notes that appellant had experienced intermittent episodes of back pain for years. Approximately three months before the examination, appellant told Dr. Scott that 'he lifted an object and had sudden, severe onset of pain in the low back.' In a medical report dated September 30, 1981, Dr. Phillip A. Tibbs stated that appellant's severe back pain began in November 1980 when appellant lifted heavy objects at his home. Similarly, on October 28, 1982, appellant told Dr. Ranjit Sinha that his real back problem began in early August, 1980. Appellant further thought he hurt his back in December 1980 while lifting half a bed from a truck. Consequently, we hold that substantial evidence supports the ALJ's finding that appellant's back pain was not disabling prior to September 30, 1979.
 
 
 7
 Appellant also alleges disability from a pulmonary impairment beginning in January 1979. The medical evidence, however, demonstrates that appellant's respiratory problems were only moderate even after the expiration of his insured status. A February 2, 1981 pulmonary function study showed that although appellant's peak flow was only thirty-five percent of predicted normal, his FEV was sixty-six percent, his FVC was eighty-nine percent, and his MBC was eighty-seven percent of predicted normal. Furthermore, bronchodilators produced a significant improvement in the flow rates. These results indicate that appellant only suffered from a moderate respiratory problem more than a year after expiration of his insured status. Furthermore, during Dr. Scott's February 2, 1981 examination, appellant denied 'difficulty with limiting shortness of breath.'
 
 
 8
 Appellant alleges that he became disabled from alcoholism prior to September 30, 1979. The record, however, does not contain any medical evidence showing hospitalization for alcoholism, delirium tremens or withdrawal seizures prior to July 1981. At his October 22, 1981 administrative hearing, appellant indicate that he was not currently suffering from his drinking problem. During a July 13, 1982 examination, appellant told Dr. Sinha that his drinking increased in severity in the past year. On October 29, 1982, appellant admitted to Dr. Sinha that his drinking problem began after his back began bothering him in early August, 1980 and he became depressed. Finally, at his September 13, 1983 supplemental administrative hearing, appellant acknowledged that he was not being treated for alcoholism in 1979. Consequently, substantial evidence supports the ALJ's conclusion that appellant did not suffer from disabling alcoholism prior to September 30, 1979.
 
 
 9
 The ALJ found that appellant had the residual functional capacity to perform sedentary activities in a clean environment before November 1, 1980. Consequently, the ALJ found that appellant did not become disabled prior to the expiration of his insured status on September 30, 1979. At the supplemental administrative hearing, the ALJ asked Mrs. Madalene Dooley, a vocational expert, what percentage of the 200 sedentary jobs, that the Secretary recognizes as existing in the national economy, could appellant perform given appellant's age, education, work experience, and nonexertional impairment. Mrs. Dooley testified that chronic pulmonary disease would eliminate seventy-five percent of the 200 sedentary jobs and that a borderline IQ of 75 would eliminate half of the remaining twenty-five percent. Consequently, Mrs. Dooley concluded that appellant could work in at least 25 sedentary job categories existing in the national economy.
 
 
 10
 Appellant objects to this testimony of Mrs. Dooley arguing that the ALJ did not instruct her regarding appellant's back pain and alcoholism. The ALJ, however, implicitly considered back pain by asking Mrs. Dooley to assume that appellant's impairments limited him to sedentary work. Although the paralegal representing appellant also asked Mrs. Dooley to consider the nonexertional impairment of alcoholism, the ALJ found that appellant did not have an alcohol problem until after November 1, 1980. As previously discussed, substantial evidence supports the ALJ's conclusion that appellant did not have a disabling alcohol problem prior to September 30, 1979. Consequently, we hold that substantial evidence supports the ALJ's conclusion that appellant could do sedentary work prior to November 1, 1980.
 
 
 11
 Accordingly, the District Court order dismissing appellant's complaint is affirmed.
 
 
 
 *
 Honorable Julian Abele Cook, Jr., United States District Court for the Eastern District of Michigan, sitting by designation