802 F.2d 459
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MIRTA NIEVES, Administratrix of the Estate of Victor Nieves,
Plaintiff-Appellant
v.
MARGARET M. HECKLER, SECRETARY OF HEALTH AND HUMAN SERVICES,
Defendant-Appellee.
 No. 85-3687.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1986.
 
 Before: MERRITT and GUY, Circuit Judges; and BALLANTINE, District Judge*
 MERRITT, Circuit Judge.
 
 
 1
 Mirta Nieves appeals from a judgment of the district court affirming the denial of social security disability benefits to her husband[1] by the Secretary of Health and Human Services. For the reasons set forth below, we reverse.
 
 
 2
 Victor Nieves filed his claim for disability insurance benefits on June 12, 1980, alleging disability due to diabetes, pancreas, gallbladder and kidney problems which caused recurrent vomiting, blindness, and intense pain. Nieves claimed May 2, 1980 as the date of the onset of his disability. The Secretary concedes he met the earnings requirement of the Act. After his application was denied, Nieves was given a hearing before an ALJ. At the time of the hearing Nieves was thirty-nine years old with past relevant work experience as a laborer. Nieves, who was a Puerto-Rican, had an eighth grade education and could not read or write in English.
 
 
 3
 At the hearing Nieves and his wife and brother-in-law each testified that Nieves was constantly sick and suffered from chronic diahrrea, vomiting and blackouts. Nieves testified that he found bending extremely painful. His brother-in-law, who was a supervisor at Nieves' place of employment, testified that Nieves was often sick at work and that claimant sometimes had to leave his work "for one day only and sometime [sic] he was out for 45, for two months, three months at a time." (Appendix, 67)
 
 
 4
 The medical evidence introduced at the hearing reveals that in 1973 Nieves was hospitalized complaining of abdominal pains. His doctors stated that on November 20, 1973:
 
 
 5
 he had a Laparotomy and Drainage of a Prepancreatic abscess, for Acute Hemorrhagic Pancreatitis, Septic Shock, and Psuedo Pancreatic Cyst. He also had Bronchial Pneumonia and Asceptis Arthritis of Left Wrist.
 
 
 6
 It was a miracle he survived this debilitating disease. He has not been well since.
 
 
 7
 (Appendix, 128)
 
 
 8
 The record further reveals that throughout the early and mid-nineteen seventies Nieves experienced repeated problems in controlling his blood sugar level. He suffered several diabetic shock attacks. In 1981 his doctors noted that he "looks like death warmed over" and "[b]y some unexplained miracle he is still alive." The doctors further opined that Nieves was "totally disabled . . . unfit to hold any responsible job position. He would be a menace to his fellow workers." (Appendix, 132) On May 8, 1985, he died of a heart attack arising from his diabetic condition. The autopsy showed that he had no "distinct pancreatic structure" and severe diabetes.
 
 
 9
 The only other medical evidence before us is a short based on a review one paragraph conclusion, by an unknown physician, /of Nieves' medical records (Appendix, 77), that Nieves was not disabled.
 
 
 10
 The Secretary's principal argument is that Nieves could not have been disabled as of May 2, 1980, as he claims, because he was discharged from his job on May 2, 1980 and promptly filed for unemployment compensation. In filing for unemployment, Nieves had had to assure the state that he was ready, willing and able to work.
 
 
 11
 While we agree with the Secretary that Nieves' prior statement concerning his ability to work is inconsistent with his disability claim, we are nonetheless required to determine whether there is substantial evidence in the record to support the Secretary's position. Gibson v. Secretary of HEW, 678 F.2d 653 (6th Cir. 1982). We conclude there is not.
 
 
 12
 All of the medical evidence, with the exception of the cursory summary of Nieves' records by someone unknown and unnamed, strongly suggests Nieves was in acute pain and, as his wife testified, he worked until "he couldn't take it no [sic] more." (Appendix, 61)
 
 
 13
 We do not condone the fact that Nieves made a prior inconsistent statement about his ability to work in order to obtain unemployment compensation, but the evidence of his disability is otherwise overwhelming. The one prior inconsistent statement in this case is not substantial evidence under the circumstances here.
 
 
 14
 The judgment of the district court is reversed. The case shall be remanded to the Secretary with instructions to grant benefits.
 
 
 
 *
 The Honorable Thomas A. Ballantine, Jr., Judge of the United States District Court for the Western District of Kentucky, sitting by designation
 
 
 [1]
 The claimant, Victor Nieves, died on May 22, 1985 during the pendency of his appeal in the federal courts. His wife is proceeding with his claim