816 F.2d 680
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Marshall T. HALL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 86-1454.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1987.
 
 Before KENNEDY, RYAN and NORRIS, Circuit Judges.
 RYAN, Circuit Judge.
 
 
 1
 Claimant Hall appeals the district court's decision denying a period of disability, social security disability insurance benefits, and supplemental security income. We affirm.
 
 
 2
 Hall was born in 1942. He left school after the eighth grade, but later obtained his high school GED while in the Army. In the Army he worked as a helicopter mechanic. More recently he has been a welder. He has always done work that involved heavy lifting and frequent standing for long periods.
 
 
 3
 Hall's medical records document that he has been increasingly troubled by back problems since the late 1970s, when he suffered the first of a series of work-related accidents. The most recent of these accidents occurred on April 29, 1982, when he hurt his back jumping off a truck in an emergency. After several doctor visits with little insight gleaned into his injury, Hall felt a bit better and tried to return to work. He worked part of two days in May of 1982, but had to leave due to back pain.
 
 
 4
 In the ensuing months, Hall visited several doctors, who concurred in the judgment that he had a back problem and generally concurred in the judgment that he should not return to his job, or to any comparable work. Hall continued to complain of debilitating pain, centered in his back and extending up to the neck and down one leg. By 1983, he had settled into a life style of sitting long hours in a recliner, talking on the CB radio. Hall claims to be able to walk only very short distances and to be incapable of standing or sitting up for more than fifteen to twenty minutes due to the pain. He is 5 feet, 9 1/2 inches tall, and his weight peaked at close to 280 pounds.
 
 
 5
 In September of 1983, a myelogram revealed the presence of a disc protrusion. A decompressive laminectomy was performed to alleviate the leg pain. When he left the hospital after the operation, Hall claimed that the leg pain was in fact much relieved.
 
 
 6
 A month later, the hearing in this case was held, and Hall and a vocational expert testified. Hall testified that the surgery had not helped him much, and that he still had back and leg pain, and numb fingers and toes. In response to a hypothetical question based upon the restrictions placed upon Hall by a physician who saw him on June 30, 1983, the vocational expert opined that such a person could do most sedentary work. The physician had earlier reported:
 
 
 7
 "In my judgment, Mr. Hall cannot work in the field of common labor, specifically he cannot work as a welder or crew leader, or in any job which requires him to be on his feet, standing or walking. He should not do work which requires his back to be in an awkward position or which requires repetitive bending, twisting or reaching. He should not lift objects which weigh more than 15# from knuckle height to chest height. He should not carry objects in front of him which weigh more than 10# ."
 
 
 8
 When Hall's attorney sought to ask whether a man with Hall's claimed pain could work, the ALJ interjected:
 
 
 9
 He need not answer that, if that testimony is credible, I am sure that Mr. Welton the vocational expert], would agree with me, that there are no jobs, that he could [do]."
 
 
 10
 The claimant's attorney also submitted for the record the report of a psychologist who saw Hall on October 4 and 17, 1983, shortly after the operation. This report was completed the day before the hearing. The psychologist diagnosed:
 
 
 11
 "Depression secondary to a state of disability; pain related to a recent surgery; chronic pain related to a long history of previous injuries."
 
 
 12
 He recommended an antidepressant, instruction in coping with pain and changing his eating and exercise habits, and extensive vocational counseling.
 
 
 13
 We must affirm the Secretary's findings if they are supported by "substantial evidence," which "means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." Farris v. Secretary of HHS, 773 F.2d 85, 90 (6th Cir. 1985) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "Further, this evidence must be based on the record as a whole." Harris v. Heckler, 756 F.2d 431, 435 (6th Cir. 1985).
 
 
 14
 "The regulations set forth a sequential 'analysis for determining whether a claimant is disabled. The first step is to determine whether the claimant is engaged in significant gainful activity. 20 C.F.R. Sec. 416.920(b). If not, the second step is to determine whether the claimant has a severe impairment, which is ,any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities.' Sec. 416.920(c). If there is a severe impairment, the third step is to determine whether the impairment meets or exceeds the criteria of one of the listed impairments in Appendix 1. Sec. 416. 920(d). If the claimant does not satisfy one of the listings, the next inquiry is to determine whether the claimant's impairment prevents him from performing his past relevant work. Sec. 416. 920(e). If it does not, the claimant is found not disabled. If the impairment prevents a return to former work, the claimant's residual functional capacity must be determined, id., and it is then considered in conjunction with the claimant's age, work experience and education in order to ascertain whether the impairment or combination of impairments prevents the claimant from doing other work. Sec. 416.920(f); see also Subpart P, Appendix 2, Tables 1-3."
 
 
 15
 Williamson v. Secretary of HHS, 796 F.2d 146, 149 6th Cir. 1986).
 
 
 16
 The ALJ followed this sequence down through the final step of determining whether a claimant, who concededly has a severe impairment but whose impairment does not meet the Appendix 1 requirements, has the residual functional capacity to do work other than that performed in the past.
 
 
 17
 The ALJ acknowledged on the record that if Hall's pain is as severe as he claims, his residual functional capacity would be nil. Furthermore, there is no question that Hall has a physical basis for his reports of pain. The ALJ acknowledged that Hall has "severe impairments consisting of status post laminectomy and lumbar strain." The ALJ found only that the reports of pain were not fully credible, and that the pain Hall is experiencing should not suffice, in itself, to keep him from working. Hall has effectively conceded that the limitations placed upon his activities by a doctor hired by his own attorney would not alone preclude his performing sedentary work. Thus, the only issue in this case is whether there is substantial evidence to support the ALJ's conclusion that Hall has significantly exaggerated the severity of his pain.
 
 
 18
 "Since credibility, especially with alleged pain, is crucial to resolution of the claim, the ALJ's opportunity to observe the demeanor of the claimant 'is invaluable, and should not be discarded lightly.' " Kirk v. Secretary of HHS, 667 F.2d 524, 538 (6th Cir. 1981) (quoting Beavers v. Secretary of HEW, 577 F.2d 383, 387 (6th Cir. 1978)), cert. denied, 461 U.S. 957 (1983). However, where disabling pain is the chief complaint, an ALJ who denies a claim must cite record evidence "in addition to personal observation" in support of a finding of incredibility. Weaver v. Secretary of HHS, 722 F.2d 310, 312 (6th Cir. 1983). Where there are no conflicts in the evidence on the issue of pain, this court will decline to uphold a credibility finding that contradicts the evidence. King v. Heckler, 742 F.2d 968, 975 (6th Cir. 1984).
 
 
 19
 In this case, there is little clear evidence one way or the other on whether Hall's pain was so severe and constant as to preclude gainful employment. Hall came to the hearing carrying a cane; at various of his doctor visits, doctors noted his reluctance to stay seated or standing for long periods; and the psychologist who examined Hall made note of and credited claims of pain that Hall described as 9 and 10 on a scale of 10.
 
 
 20
 On the other hand, appellee suggests that Hall's actual activities and range of motion, as described by the examining physicians, are inconsistent with severe pain, and that Hall's medications, Tylenol # 3 and Motrin, are "commonly prescribed for relief of mild to moderate pain," rather than severe pain.
 
 
 21
 We cannot say the ALJ unreasonably failed to credit Hall's claims, because there was some record evidence to support the ALJ's personal observation of Hall's demeanor. For his part, Hall failed to carry the burden of showing that his pain necessarily prevents him from performing sedentary tasks that he would otherwise concededly be able to perform. In our view of the whole record, evidence of severe pain was not "so unequivocal that the Secretary was required, as a matter of law, to enter a finding of disability." Gibson v. Secretary of HEW, 678 F.2d 653, 655 (6th Cir. 1982).
 
 
 22
 AFFIRMED.