831 F.2d 1063
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thomas K. GONDEL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee
 No. 87-3184.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1987.
 
 Before NATHANIEL R. JONES, RALPH B. GUY Jr., and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff appeals from the district court's order affirming the Secretary's decision that plaintiff is not entitled to social security disability insurance benefits under 42 U.S.C. Secs. 416(i) and 423. After examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). Upon review, we affirm.
 
 
 2
 The decision of the Secretary will not be disturbed if it is based on substantial evidence and was reached by employing the proper legal criteria. See Gibson v. Secretary of Health, Educ. & Welfare, 678 F.2d 653 (6th Cir.1982). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a scintilla but less than a preponderance. Richardson v. Perales, 402 U.S. 389 (1971); Gaffney v. Bowen, No. 86-1725 (6th Cir. June 16, 1987). The determination is made upon review of the evidence in the record taken as a whole. Allen v. Califano, 613 F.2d 139 (6th Cir.1980). Claims of disabling pain are reviewed by applying the test of Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986):
 
 
 3
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain.
 
 
 4
 The record as a whole contains substantial evidence to support the Secretary's decision. The record lacks the objective medical evidence necessary to support a claim of disabling pain. Accordingly, the judgment of the district court entered on January 9, 1987, is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.