870 F.2d 657
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter W. PHILIPIAN, Plaintiff-Appellant,
v.
Otis R. BOWEN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 88-1603.
 United States Court of Appeals, Sixth Circuit.
 March 7, 1989.
 
 Before BOYCE F. MARTIN Jr. and RYAN, Circuit Judges, and JOHN W. POTTER,* District Judge.
 PER CURIAM.
 
 
 1
 Walter W. Philipian appeals from an order of the district court affirming the denial of Social Security benefits by the Secretary of the Department of Health and Human Services. We find that Philipian's arguments are without merit, that the Secretary's findings are supported by substantial evidence and so affirm the decision of the district court.
 
 
 2
 Philipian originally filed a claim for disability insurance benefits on February 12, 1986 and for supplemental security income benefits on March 17, 1986. Both claims were denied initially and upon reconsideration. Philipian requested a hearing with an administrative law judge. This hearing was held on June 3, 1986. The administrative law judge rendered a decision on November 5, 1986, in which he found that Philipian was not disabled and so not entitled to disability insurance benefits or supplemental security income. Philipian requested that this decision be reviewed by the Appeals Council. The Appeals Council denied this request on March 5, 1987.
 
 
 3
 Philipian filed for review of this decision in federal district court. The court referred the matter to a United States Magistrate. The magistrate filed a report and recommendation on January 29, 1988 in which she recommended that the decision of the Secretary be affirmed. The district court entered an order adopting this recommendation and dismissing Philipian's complaint on summary judgment. It is from this order that Philipian takes his appeal.
 
 
 4
 Our scope of review is limited in this case. We must determine whether the Secretary's final decision is supported by substantial evidence. Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir.1982).
 
 
 5
 In evaluating Philipian's alleged disability, the administrative law judge followed the sequence of steps provided at 20 C.F.R. Sec. 404.1520(a), (b)-(f) and Sec. 416.920(a), (b)-(f). Philipian alleged that he became disabled on July 3, 1985 due to pain, numbness and cramping in his right hand, arm and shoulder. Philipian underwent three emergency room treatments in July of 1985. X-rays revealed that he suffered from degenerative joint disease of the cervical spine and spondylosis. A myelogram performed that summer revealed that Philipian had a ruptured disc at the C7-T1 level on the right side and a spur formation causing a defect at the C5-6 level. On August 2, 1985, Philipian underwent a cervical laminectomy with excision of a ruptured disc at C7-T1 on the right side and a cervical laminectomy at C5-6 on the left side with decompression of the nerve root. His condition improved post-operatively and he was discharged ambulatory.
 
 
 6
 In September, 1985, Dr. Moore, Philipian's treating physician, reported that Philipian's motion was diminished in the cervical and lumbar regions. He also reported that Philipian suffered a weakened grip, numbness in the fourth and fifth fingers on the right hand and lower back pain. In October 1985, Dr. Moore reported that Philipian's back pain continued. He also reported numbness in the right arm and sensory loss in the fourth and fifth fingers of the right hand. He did find, however, that Philipian's muscle strength increased. In January, 1986 Dr. Moore still found this pain and numbness present in Philipian's right arm, radiating down to the hand. Diminished lumbar and cervical motion also remained.
 
 
 7
 Despite these reported complaints the administrative law judge concluded that Philipian did not have an impairment or combination of impairments which met or equalled any of the impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. Consequently he found that Philipian failed to establish a disability under 20 C.F.R. Sec. 404.1520(d) or & 416.920(d). The administrative law judge seems to have based his decision on the fact that a CAT scan conducted in February, 1986 showed some degenerative changes but with minimal disc bulging. The administrative law judge also seemed to be persuaded by the fact that while cervical and lumbar spine x-rays taken in January and February of 1986 showed some degenerative change, Philipian admitted that his condition improved with medication. We cannot say that the administrative law judge's decision is not supported by substantial evidence.
 
 
 8
 Dr. Moore asserted in a letter dated June 12, 1986 that Philipian was disabled because of persistant weakness and pain in the right upper extremities. On appeal Philipian suggests that Dr. Moore's opinion, as the opinion of a treating physician, is entitled to complete deference. This is incorrect. While a treating physician's opinion may be accorded greater weight, Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir.1981), the administrative law judge is not bound to accept that opinion if it is not based on sufficient medical data. Harris v. Heckler, 745 F.2d 431, 435 (6th Cir.1985). The ultimate determination of disability is the perogative of the Secretary not the treating physician. Kirk, 667 F.2d at 538. This is especially true where pain is the alleged disabling condition. Id.
 
 
 9
 There is substantial evidence in the record to support the administrative law judge's finding that Philipian maintains some residual functional capacity which permits him to continue working. Under 20 C.F.R. Sec. 404.520(f) and Sec. 416.920(f) if an impairment prevents the performance of past work, a claimant's age, education, past work experience and residual functional capacity may be considered to determine if other work can be performed. The administrative law judge found that at the time of his hearing Philipian was a forty-five year old white male with a high school education. Philipian had held a number of skilled and semi-skilled positions in the past including work as a maintenance worker, supervisor, service station manager, horse trainer and restaurant manager. While Philipian could no longer fill any of these positions, a neutral vocational expert testified that Philipian's cash register operational skills were transferable to both sedentary and light work. The vocational expert also testified that Philipian could perform visual inspection jobs at a sedentary level and that thousands of these jobs existed in the Detroit area and the State of Michigan.
 
 
 10
 Finally, the administrative law judge found that when considering Philipian's young age, high school education and past work experience, Rule 201.21 of Table No. 1, Appendix 2, Subpart P, Regulations No. 4 indicated a finding of non-disability. This was also true of Rule 201.18.
 
 
 11
 We must conclude that the administrative law judge properly found that Philipian was not disabled and that this decision is supported by substantial evidence. Accordingly, we affirm the decision of the district court.
 
 
 
 *
 The Honorable John W. Potter, United States District Judge for the Northern District of Ohio, sitting by designation