902 F.2d 36
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Billy J. WRIGHT, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 89-1606.
 United States Court of Appeals, Sixth Circuit.
 May 3, 1990.
 
 Before MERRITT, Chief Judge; KEITH and ALAN E. NORRIS, Circuit Judges.
 MERRITT, Chief Judge.
 
 
 1
 Plaintiff appeals from a District Court judgment upholding a denial of disability insurance benefits pursuant to the Social Security Act, 42 U.S.C. Secs. 301 et seq., Sec. 405(g). The issue presented to this Court is whether there is substantial evidence in the record to support the Secretary's denial of benefits. Gibson v. Secretary of Health, Educ. and Welfare, 678 F.2d 653, 654 (6th Cir.1982).
 
 
 2
 As Magistrate Cooke noted, plaintiff alleges three disabilities--a heart condition, tendonitis, and mental impairment--which he claims entitle him to disability benefits. Although it is undisputed that plaintiff has a heart condition, "the record reflects that the heart condition was corrected by bypass surgery." Magistrate's Op. at 5. Given that plaintiff enjoyed an uncomplicated recovery from surgery, the record fails to establish any problems which would preclude plaintiff from performing sedentary work.
 
 
 3
 Similarly, the evidence supporting a finding of tendonitis of the wrists, fingers and shoulders is not sufficient to mandate a finding of disability such to entitle plaintiff to benefits. As noted by Magistrate Cooke:
 
 
 4
 EMG studies and x-rays, of his wrists, fingers and shoulder are all normal. The physical examination revealed limited range of motion in the right wrist and palpable tenderness over the ulnar styloid process on the right, positive Phalen's sign on the right, Tinel's sign bilaterally, no sensory changes noted, normal and equal pulses and normal Adson's maneuvers.
 
 
 5
 Magistrate's Op. at 5. Given these findings and other evidence of record which contradicts a finding of disability, we hold that the record contains substantial evidence to support the Secretary's determination.
 
 
 6
 Finally, the record contains substantial evidence that plaintiff's alleged mental impairment does not rise to the level of a disabling impairment. Although plaintiff apparently suffers from mild agoraphobia and reactive depression, we conclude that the record contains substantial evidence that any alleged impairment would not interfere with plaintiff's ability to perform sedentary work.
 
 
 7
 Admittedly, the record contains opinions by Drs. Short and Wheatley professing that plaintiff is disabled. As the Magistrate noted, however, there are reasons to discount these two opinions. See Magistrate's Op. at 6. In addition other medical opinions in the record contradict the opinions of Drs. Short and Wheatley. We therefore find that there is substantial evidence to support the Secretary's determination that plaintiff is not disabled.
 
 
 8
 Plaintiff also argues that he is entitled to disability insurance benefits pursuant to the Vocational Guidelines found at 20 C.F.R. Part 404, Subpart P, Appendix II, Rule 201.09 (1988).[1] Plaintiff's reliance on Rule 201.09 is misplaced because that rule only is applicable if the claimant is closely approaching advanced age in that he has reached his 50th birthday. 20 C.F.R. Sec. 404.1563(c) (1988). Claimant's age for purposes of applying the Grid, however, is his age at the time of the Secretary's decision. Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 780 (6th Cir.1987). The record establishes that plaintiff was born on February 15, 1939. The Secretary made the final determination in this case on June 23, 1987, at which time plaintiff was 48 years old. Thus, the Secretary properly concluded that plaintiff was a younger individual, pursuant to 20 C.F.R. Sec. 404.1563(b) (1988), and using Rule 201.18 properly determined that plaintiff was not disabled.
 
 
 9
 Accordingly, the judgment of the District Court is affirmed. We find that the record contains substantial evidence supporting the Secretary's decision to deny disability benefits. We also find that the Secretary properly applied the Grid in denying disability benefits. Our decision concerning the application of the Grid, however, is made without prejudice as to plaintiff's filing another application for disability benefits once the plaintiff reaches "advanced age."
 
 
 
 [1]
 These Guidelines mandate a finding of disability if the claimant: (1) is closely approaching advanced age; (2) has a limited or less than limited education; (3) is unskilled; and (4) has been limited to sedentary work as a result of severe medically determinable impairments