918 F.2d 179
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary MCKINNEY, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-1282.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1990.
 
 Before BOYCE F. MARTIN, JR. and ALAN E. NORRIS, Circuit Judges, and WISEMAN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Mary McKinney appeals from the district court's order which granted the Secretary of Health and Human Services' motion for summary judgment.
 
 
 2
 Mary McKinney worked from October, 1966, to June, 1980, as a clerk for the J.L. Hudson Company. Her job was considered by the vocational expert who testified at the hearing before the administrative law judge to be sedentary and semi-skilled. She left her job in June of 1980 at the age of 54 because her employer wanted to place a person with more seniority into her position and did not have any other jobs similar to the one McKinney was already performing. Since leaving employment, McKinney has filed three separate applications for disability insurance benefits. Her first application was filed in March, 1982, and was denied at all levels. Her second application was filed in July, 1984, and again denied at all administrative levels with no judicial review sought. On February 21, 1986, McKinney filed her third application for benefits. This claim was denied initially and, upon an application for reconsideration, a hearing was held on or about February 10, 1987 before Administrative Law Judge Kalt. Following the hearing, the administrative law judge denied McKinney's application for social security benefits, determining that McKinney was able to do her past relevant work.
 
 
 3
 The Appeals Council vacated the prior administrative decisions in the case and remanded it to Administrative Law Judge Kalt, who held a supplemental hearing on July 20, 1988. On December 12, 1988, the administrative law judge issued a recommended decision finding that McKinney was not disabled. On June 14, 1988, the Appeals Council issued a decision that adopted the findings and conclusions of the administrative law judge's recommended decision. This decision became the final decision of the Secretary.
 
 
 4
 This decision was appealed to the district court who referred the matter to Magistrate Paul J. Komives for a report and recommendation. In a report dated October 19, 1989, the magistrate determined that substantial evidence supported the Secretary's decision and recommended that the Secretary's motion for summary judgment be granted. After reviewing the matter in its entirety, the district court issued an order concluding that substantial evidence supported the Secretary's decision that McKinney was not disabled and granting the Secretary's motion for summary judgment. The court adopted the magistrate's report and recommendation and entered them as the findings and conclusions of the court.
 
 
 5
 The record establishes that McKinney suffers from a variety of ailments, including labryrinthitis, diabetic neuropathy, tinnitis, radiculopathy, peripheral neuropathy, diverticulosis, and obesity. McKinney has also lost all hearing in her left ear and suffered deterioration of her eye sight as a result of her diabetes mellitus. McKinney testified that both her knees are crippled and has a pinched nerve in her back. She also stated that she suffers from hypertension, nervousness and that the loss of hearing in one ear has affected her equilibrium.
 
 
 6
 The district court adopted the magistrate's report and recommendation which concluded that substantial evidence supported the Secretary's decision that McKinney was not disabled and granted the Secretary's motion for summary judgment. Specifically, the court concluded that substantial evidence supported the finding that McKinney remained able to perform work similar to that done for the J.L. Hudson Company prior to the expiration of her insured status on June 30, 1986. In finding there was substantial evidence to support a finding that McKinney was not disabled as defined in 20 C.F.R. Sec. 404.1520 (1990), the court employed the two-prong test established in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986), for evaluating claims of disabling pain and other subjective symptoms.
 
 
 7
 McKinney argues on appeal that there is substantial evidence to support her claim of disabling pain. McKinney also contends the Secretary improperly found McKinney's past work experience was sedentary and improperly found McKinney could perform her past relevant work. The plaintiff further argues the Secretary erred in discounting Dr. Pascual's opinion that McKinney was totally disabled.
 
 
 8
 These arguments are without merit. The issue on review is not whether substantial evidence supports McKinney's complaints but whether substantial evidence supports the Secretary's credibility finding. 42 U.S.C. Sec. 405(g). It is immaterial that the claimant's position might also be supported by substantial evidence. Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir.1986). The Secretary determined McKinney's complaints of disabling pain were not credible based upon a lack of objective medical evidence.
 
 
 9
 The scope of judicial review is limited to determining whether the findings of the Secretary are supported by substantial evidence and to deciding whether the Secretary employed the proper legal criteria in reaching those findings. 42 U.S.C. Sec. 405(g); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir.1984). The record contains substantial evidence to support the Secretary's conclusion that McKinney was, prior to June 30, 1986, able to perform her previous job.
 
 
 10
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief United States District Judge for the Middle District of Tennessee, sitting by designation