919 F.2d 141
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ruth STAMPER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-3247.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1990.
 
 Before KEITH, KENNEDY and SUHRHEINRICH, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiff, Ruth Stamper, appeals the District Court's judgment affirming the Secretary's decision to deny her disability insurance benefits. The one issue she raises on appeal is whether the Secretary erred in holding that the plaintiff was not disabled on or before September 30, 1982. We affirm the decision because there is substantial evidence to support it.
 
 
 2
 The plaintiff applied for disability insurance benefits in October 1986, claiming that she suffered from scleroderma. At that time she was forty-four years of age, with an eleventh grade education. She claimed that she had not worked since June 15, 1981. The Administrative Law Judge (ALJ) found that the plaintiff last met the special earnings requirements for disability insured status purposes on September 30, 1982. The ALJ concluded that she was not disabled as of that date and therefore held that the Secretary was correct in determining that she was not entitled to disability insurance benefits.
 
 
 3
 According to the evidence presented at the review hearing, the plaintiff was in the hospital numerous times from 1970 until the mid-1980's. She complained of several ailments throughout that time, including hypothyroidism, chest pain, persistent vomiting, chronic lymphedema, and a history of fluid around the heart. In 1981 she was diagnosed with mitral valve prolapse, and her condition improved with medication. In May 1981, Milton F. Nathan, M.D., plaintiff's treating physician, granted the plaintiff permission to return to work. In October 1981, he noted that plaintiff was doing relatively well. In April 1982, Dr. Nathan indicated that plaintiff was feeling much better, had a clear chest and a normal physical. In May 1982, the plaintiff required hospitalization again for abdominal pain and bloating. She underwent a battery of testing and was diagnosed with lupus and hypothyroidism. She was hospitalized again in June and September 1982 for abdominal pain and severe bloating. Her condition improved and she was discharged. She was hospitalized several more times, and in 1986 Michael Luggen, M.D., concluded that the plaintiff suffered from scleroderma, a hardening of the connective tissues that can affect any part of the body, including the skin and internal organs. Dr. Luggen concluded that it would be very difficult for the plaintiff to retain gainful employment.
 
 
 4
 The plaintiff testified that she was unable to do household work since 1980, and that she now is unable to walk more than a short way without shortness of breath. She suffers from extreme bloating, and pain in her joints and abdomen. She also testified that she and her husband adopted a baby in either 1981 or 1983. The plaintiff's husband testified that he and his son had done all of the household work since 1980 and that the plaintiff fatigues easily.
 
 
 5
 There is no question that the plaintiff is disabled at the present time. She has severe physical impairments caused by scleroderma, a heart condition and a recent development of arthritis in various joints including the back. In order to qualify for disability insurance benefits, however, the plaintiff must establish that she had become disabled prior to the expiration of her insured status. See Gibson v. Secretary of Health, Education, and Welfare, 678 F.2d 653 (6th Cir.1982). The only issue before this Court, therefore, is whether the plaintiff was disabled on or before September 30, 1982, her last insured date. The ALJ affirmed the Secretary's denial of benefits and found that as of September 30, 1982, the plaintiff was still able to do sedentary work. This Court can only reverse the Secretary's conclusions of fact if they are unsupported by substantial evidence. See Dinkel v. Secretary of Health and Human Servs., 910 F.2d 315, 316 (6th Cir.1990). " 'Substantial evidence' means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983).
 
 
 6
 There was substantial evidence to support the Secretary's determination that the plaintiff was not disabled as of September 30, 1982. After reviewing the plaintiff's medical records, Richard Klopp, M.D., testified that the plaintiff's scleroderma has existed since May 1982, but that it is a progressive disease. He testified that he believed that the plaintiff could engage in sedentary activity until 1984. He stated that until that time the plaintiff could walk for two to four hours a day, and could sit for any period of time. Until 1981, the plaintiff had worked as a bartender and a barmaid, and therefore, would have been unable to perform her past relevant work. The Secretary, however, came forward with evidence that there was sedentary employment available in the national economy which the plaintiff could have performed. Based on this evidence, the ALJ concluded that the plaintiff was not disabled on or before September 30, 1982, and therefore affirmed the Secretary's denial of benefits.
 
 
 7
 Because there is substantial evidence to support the ALJ's conclusions, we AFFIRM.