825 F.2d 411
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert D. HUPP, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-3744
 United States Court of Appeals, Sixth Circuit.
 Aug. 7, 1987.
 
 Before KENNEDY, WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Hupp, unsuccessful in his claim for Social Security benefits, appeals from an adverse decision by the district court. Although Hupp's claim was denied administratively with respect to his claim of disability growing out of a back injury, the magistrate, to whom reference was made in this case, recommended that Hupp be granted benefits, essentially on the basis of our decision in Wages v. Secretary of H.H.S., 755 F.2d 495 (6th Cir. 1985). The district court, however, properly made a de novo review of the record and rejected the magistrate's recommendation, finding substantial evidence to support the Secretary's findings and decision. 'On appeal our standard of review is whether there is substantial evidence on the record as a whole to support the decision of the Secretary.' Lashley v. Secretary, 708 F.2d 1048, 1053 (6th Cir. 1983); Gibson v. Secretary, 678 F.2d 653, 654 (6th Cir. 1982).
 
 
 2
 Hupp has a GED high school diploma and additional vocational training as an electrician. He last engaged in substantial gainful activity on March 4, 1982, as an electrician, when he was injured in a fall from a scaffold. After the injury, he was taken to the emergency room where he was examined and sent home. He attempted unsuccessfully to return to work on two separate occasions, but decided he could not work because of back pain. The plaintiff alleges that he was, and still is, unable to work because of complaints of back pain and numbness and weakness of his left leg.
 
 
 3
 There is conflicting medical evidence in the record concerning the extent of limitation of motion and muscle weakness following a lumbar laminectomy in May of 1982. On September 20, 1983, the plaintiff was sent to the Back Rehabilitation Center of the Northern Florida Regional Hospital. The plaintiff was started on back exercises and he reported various periods of pain relief. Though he could lift only 5-1/2 pounds initially, by the end of the sessions he could lift 20 pounds. On January 31, 1984, just prior to the end of plaintiff's physical therapy sessions, his treating physician 'could find no evidence of instability.' The plaintiff's physician at the rehabilitation center reported that Hupp could sit for three hours, stand for three hours and walk for three hours in an eight hour day. He also said that Hupp could frequently lift and carry up to ten pounds and could occasionally lift twenty pounds. Hupp agreed to this evaluation in writing. The physician was of the opinion that Hupp could only perform light work on a part time basis.
 
 
 4
 According to a vocational evaluation, Hupp's problem solving ability was in the 'definitely above average range', he had an average mechanical ability and a 'well above average' ability to use hand tools, and he possessed various vocational skills that were transferable to alternative types of employment. In light of Hupp's claim that he needed to sit and stand alternatively, the evaluator determined that the plaintiff would be best suited for light work in positions such as information clerk, telephone dispatcher, assembly line worker, key cutter, alarm monitor, tool crib attendant, or telephone order clerk.
 
 
 5
 Dr. Shrey testified as a vocational expert at the hearing. He classified Hupp's past work as skilled heavy work. The transferable skills plaintiff acquired were electrical wiring skills, inspection skills, some mathematical skills, and the skills used in the operation of power tools. In response to a hypothetical question posed by the ALJ, Dr. Shrey testified that Hupp was unable to perform his past work; he felt, however, that Hupp could perform work that existed in significant numbers in the national economy. All of these jobs were either of a light or sedentary exertional nature.
 
 
 6
 The ALJ, stating that Hupp's complaints 'cannot be accepted as credible', found that Hupp had the residual functional capacity to perform work except that he could not lift more than ten pounds frequently nor twenty-five pounds occasionally. He also found that Hupp could 'sit for eight hours (one hour at a time)' and that 'the full range of light work is reduced by an inability to stand, sit, or walk for more than one hour at a time.' The ALJ found Hupp 'not disabled' and capable of light work due to his age, education and work experience.
 
 
 7
 Hupp's principal argument is that Wages v. Secretary, 755 F.2d 495 (6th Cir. 1985) (per curiam), is controlling with respect to a person who 'cannot sit or stand for long intervals of time [and] cannot perform the full range of sedentary work.' The magistrate agreed with this contention. District Judge Walter H. Rice carefully distinguished the facts in Wages from those in the instant case. There was no reliance on the grid here but rather testimony of a vocational expert. Hupp was found capable not only of doing sedentary work, but also some types of light work. Hupp was given substantial vocational training, and we are satisfied that his impairment did not meet or equal listed impairments.
 
 
 8
 Essentially for the reasons stated in Judge Rice's opinion, we AFFIRM the denial of benefits in this case.