831 F.2d 295
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph A. KLUK, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-1160
 United States Court of Appeals, Sixth Circuit.
 October 6, 1987.
 
 ORDER
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel agrees unanimously that oral argument is not needed. Fed. R. App. P. 34(a)
 
 
 2
 On May 17, 1983, the plaintiff applied for Social Security disability insurance benefits from the defendant. In his application, the plaintiff alleged that since February 18, 1982, he had been unable to continue his employment as a machine builder due to a combination of degenerative disk disease, infection of his left eye socket and psychological problems. At all stages of administrative review, the plaintiff's claim was denied due to a lack of severity of his disorders.
 
 
 3
 Unsatisfied with the administrative disposition of his claim, the plaintiff sought judicial review of the defendant's decision in the district court pursuant to 42 U.S.C. Sec. 405(g). The district court ordered the case remanded to the defendant for further review of his mental condition in view of the provisions of the Social Security Reform Act of 1984. Following a second administrative hearing, the plaintiff's claim was again denied based on the finding of the administrative law judge (ALJ) that the plaintiff possessed sufficient residual skills to perform his past relevant employment as an expediter. This finding was upheld by the district court over the magistrate's recommendation to the contrary based upon the district court's determination that substantial evidence supported the findings of the ALJ.
 
 
 4
 The plaintiff now appeals to this court arguing that substantial evidence does not support the defendant's conclusion that the plaintiff is capable of performing his past relevant work and that no substantial evidence exists to establish that he has residual skills to perform any substantial gainful employment.
 
 
 5
 We reject both these arguments. So long as the record viewed as a whole contains substantial evidence to support the Secretary's determination, that determination must be affirmed on appeal. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 366 (6th Cir. 1984); Gibson v. Secretary of Health and Human Services, 678 F.2d 653, 654 (6th Cir. 1982); Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 535 (6th Cir. 1981). Substantial evidence is defined as such relevant evidence as a reasonable mind might accept to support a conclusion. Gibson, 678 F.2d 654 (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 
 6
 Having reviewed the entire record, we conclude that ample relevant evidence supports the conclusion that the plaintiff retains the residual functional capacity to perform his past relevant work. In particular, the spinal examination results of doctors Drazek and Butt and the psychological evaluations of doctors Balunas, Willie, and Garrick are strongly supportive of the Secretary's determination. Without elaborating in detail those individual examination results, they reveal that the plaintiff has degenerative disk disease and a dysthymic disorder which, in terms of his spinal condition, restrict the ability of the plaintiff to lift heavy objects or repetitively bend, and, in terms of his psychological condition, cause the plaintiff to be irritable, pessimistic and brooding. No medical professionals, other than Keller and Asselin (whose testimony is internally inconsistent) expressed the opinion that the plaintiff's functional limitations were severe or that the plaintiff was incapable of performing his prior work as an expediter. To the contrary, the 'Assessment of Ability to do Work-Related Activities (Mental)' forms submitted by doctors Balunas and Willie and the testimony of Dr. Asselin indicate at worst only moderate restrictions, none of which satisfy 20 C.F.R. Sec. 404, Subpart P, Appendix 1, Section 12.06B. Moreover, even had the medical experts all concluded that the plaintiff's functional limitations prohibited his return to his previous employment, the testimony of vocational expert Donald L. Heckler indicated that taking into consideration all of the plaintiff's limitations, a potential of some 3,000 sedentary jobs existed for the plaintiff in southern Michigan.
 
 
 7
 In conclusion, contrary to the plaintiff's argument, the district court did not abrogate its judicial function nor did the ALJ fail to consider the totality of the plaintiff's ailments. Accordingly, because the determination of the Secretary is supported by substantial evidence, the district court order entered on December 8, 1986, is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.