875 F.2d 865
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John W. KRISAN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-1490.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1989.
 
 Before BOYCE F. MARTIN, Jr., KRUPANSKY, and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 John W. Krisan, Jr. appeals from an order of the district court affirming the denial of social security benefits by the Secretary of the Department of Health and Human Services. For the reasons stated below we affirm the decision of the district court.
 
 
 2
 Krisan originally filed for disability status and insurance benefits on September 25, 1985. He claimed that he became disabled as of January 15, 1985, due to cerivcal degenerative disc disease with radiculitis and lumbar degenerative disc disease with apophyseal disease. Krisan's claims were denied administratively and upon reconsideration. Krisan then requested a formal hearing with an administrative law judge. On September 8, 1986, the administrative law judge rendered a decision denying Krisan's claim. Krisan requested review of this decision by the Appeals Council but such request was denied. The administrative law judge's decision thus became the final decision of the Secretary.
 
 
 3
 Krisan then filed for review of this decision in federal district court. The court referred the matter to a United States magistrate. The magistrate filed a report and recommendation on December 16, 1987, in which he recommended that the decision of the Secretary be affirmed. The district court entered an order on March 31, 1988 adopting this recommendation and dismissing Krisan's complaint on summary judgment. Krisan takes his appeal from this order.
 
 
 4
 "Our standard of review on appeal is whether there is substantial evidence in the record, viewed as a whole, to support the Secretary's determination." Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir.1982). Under this standard we may not reweigh the evidence, conduct a de novo review or substitute our judgment for that of the Secretary. Crisp v. Secretary of Health and Human Services, 790 F.2d 450, 453 n. 4 (6th Cir.1986) (per curiam).
 
 
 5
 In making his determination regarding Krisan's alleged disability, the administrative law judge followed the sequential process of analysis provided at 20 C.F.R. Sec. 404.1520. Following these steps, the administrative law judge found that Krisan was unable to perform his past relevant work, 20 C.F.R. Sec. 404.1520(e), but that considering Krisan's age, education and past work experience he possessed the residual functional capacity to perform other work, 20 C.F.R. Sec. 404.1520(f). The administrative law judge reached this conclusion by applying section 404.1569 of Regulations No. 4 and Rule 201.11 Table No. 1 of Appendix 2, Subpart P, Regulations No. 4. He also found that this conclusion was corroborated by vocational testimony.
 
 
 6
 The decision of the administrative law judge is supported by substantial evidence. He reviewed the opinions of five physicians who examined Krisan and which are contained in the record. The opinions of Dr. Zurawski and Dr. MacNeil support the administrative law judge's conclusion that Krisan may well have degenerative disc disease at the L5-S1 level. The administrative law judge is also correct, however, in stating that no physician has found an attendant neurological problem which could account for Krisan's subjective complaints of pain. All EMG's (electromyographic studies) taken of Krisan included in the record have yielded normal results.
 
 
 7
 There is some dispute in the record as to Krisan's limitation of motion. Dr. Zurawski reported that Krisan suffered from a limitation of greater than fifty percent, and could perform only minimal physical activity. Dr. Zurawski also noted that Krisan experienced tenderness and occasional spasms in his back. Strangely enough, Dr. Zurawski said that this was Krisan's condition even when Krisan was successfully working. Dr. MacNeil also found that Krisan's range of motion was limited in the right hip and back. Dr. MacNeil also noted that Krisan suffered from no sensory, reflex or motor deficit.
 
 
 8
 Contrary to these findings, Dr. Iqbal found that Krisan's range of motion was normal as was his balance and gait. Dr. Iqbal also attributed Krisan's alleged back pain and discomfort either to the "normal ache and pain of the body" or to the lumbrosacral corset he chose to wear. He also noted Krisan's well developed physique which he attributed to regular exercise or work.
 
 
 9
 Dr. Tofaute, a board certified orthopedic surgeon, found that Krisan walked slowly, with a broad-based gait, and the assistance of a cane while balancing himself against the nearest wall. He found some limitation of motion. Krisan also exhibited, however, fifty degrees forward flexion and normal straight leg raising. Dr. Tofaute found that Dr. Zurawski's and Dr. MacNeil's diagnoses were compatible with certain objective findings and Krisan's complaints. He also found, however, that Krisan's history of hyperextension type thoracolumbar spine strain was evidenced by "continued subjective complaints, but few objective findings."
 
 
 10
 Based upon this evidence, the administrative law judge concluded that Krisan did not suffer from an impairment or combination of impairments listed in Appendix 1, Subpart P. We cannot say that this conclusion is not supported by substantial evidence.
 
 
 11
 The administrative law judge found that even if Krisan suffered from the disabling pain and discomfort which he alleged, Krisan could still not be considered disabled because of his residual functional capacity. Substantial evidence supports this conclusion. At the time of the hearing the administrative law judge found that Krisan was a fifty year old white male who had attained a tenth grade education. Krisan had held semi-skilled employment which varied in range from very heavy to light work. In the past, Krisan had worked as a crib attendant, checker, mill helper and supervisor. The administrative law judge determined that in the course of these jobs, Krisan had acquired a wealth of clerical skills freely transferable to sedentary employment. Peter Fotiu, a vocational expert, testified that there were some 6,000 sedentary jobs in the Detroit area and 12,000 in the State of Michigan which Krisan could perform working as an invoice clerk, purchasing clerk, material clerk, pricing clerk or billing clerk.
 
 
 12
 Finally, the administrative law judge found that when considering Krisan's age, education and past work experience, Rule 201.21 of Table No. 1, Appendix 2, Subpart P, Regulations No. 4 indicated a finding of non-disability. This was corroborated by the vocational testimony noted above.
 
 
 13
 We conclude that the administrative law judge properly found that Krisan was not disabled and that this decision is supported by substantial evidence. Accordingly, we affirm the decision of the district court.