915 F.2d 1571
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walter GUNSAULIES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-3132.
 United States Court of Appeals, Sixth Circuit.
 Oct. 5, 1990.
 
 Before BOYCE F. MARTIN, Jr., RYAN, and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Walter Gunsaulies appeals the district court's judgment which affirmed the determination by the Secretary that he is not entitled to disability benefits. Because the record contains substantial evidence to support the findings of the administrative law judge, we affirm.
 
 
 2
 Walter Gunsaulies was born on October 9, 1936 and has completed his General Equivalency Diploma. He worked as a communications center supervisor for the United States Air Force from 1959 until February, 1977 and then as a machinist from September, 1980 to June, 1986.
 
 
 3
 Gunsaulies filed concurrent applications for disability insurance benefits and supplemental security income on July 22, 1987, alleging that he has been unable to work since February 11, 1987 due to a seizure disorder, osteoarthritis of the spine, varicose veins, emphysema, and prostate problems. These applications were denied initially and upon reconsideration. Gunsaulies then requested a hearing to review the determination of his claim. His request was granted and on April 14, 1988, a full hearing was held before an administrative law judge. Upon request of counsel, a supplemental hearing was held on October 11, 1988.
 
 
 4
 On November 28, 1988, a decision was issued by the administrative law judge finding Gunsaulies was not disabled. On January 17, 1989, the Appeals Council denied Gunsaulies' request for review and the decision became the final decision of the Secretary. Pursuant to 42 U.S.C. Sec. 405(g), Gunsaulies filed a civil action for judicial review in the district court. The parties consented pursuant to 28 U.S.C. Sec. 636(c), to the exercise of full jurisdiction by the United States magistrate. On December 28, 1989, a United States magistrate issued an Opinion and Decision on Appeal where he found that substantial evidence supported the Secretary's decision that Gunsaulies was not disabled because there was a significant number of jobs in the national economy that accommodated Gunsaulies' capacities. Gunsaulies timely appealed from this decision.
 
 
 5
 Gunsaulies argues that the administrative law judge's decision that Gunsaulies can perform light work is not supported by substantial evidence and that the administrative law judge erred in posing a hypothetical question to the vocational expert. He also argues that the magistrate erred by failing to address Gunsaulies' contention that the Secretary improperly evaluated Gunsaulies' impaired concentration and attention.
 
 
 6
 Pursuant to 42 U.S.C. Sec. 405(g), the findings of the administrative law judge are conclusive if they are supported by substantial evidence. Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654 (6th Cir.1982). Accordingly, our review is limited to determining whether the Secretary applied the correct legal standards in reaching his decision and whether there is substantial evidence in the record to support the findings. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). " 'Substantial evidence' means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Kirk v. Secretary of Health & Human Services, 667 F.2d 524, 535 (6th Cir.1981), cert. denied, 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983), (quoting Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).
 
 
 7
 The administrative law judge found that Gunsaulies suffered from a variety of ailments, including a vertebrongenic disorder, varicose veins of the legs, a controlled seizure disorder, pulmonary emphysema, possible arteriosclerotic heart disease, an adjustment disorder with depressed mood, and alcohol abuse in remission. However, the administrative law judge determined that Gunsaulies had the residual functional capacity to perform light work with no exposure to moving machinery, unprotected heights or dangerous instrumentalities and that Gunsaulies would be restricted to simple, repetitive tasks with only minimal interpersonal contacts in the workplace.
 
 
 8
 The administrative law judge based this conclusion on the fact that Gunsaulies' impairments, whether considered individually or in combination, had not been attended by clinical signs and findings which would render him disabled. The fact that the administrative law judge found that Gunsaulies suffers from a variety of ailments is not dispositive of whether he is disabled. See Foster v. Bowen, 853 F.2d 483, 489 (6th Cir.1988). Gunsaulies bears the burden of proving the severity of his impairments. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir.1988). Gunsaulies has failed to meet this burden.
 
 
 9
 Gunsaulies argues that the administrative law judge improperly rejected the opinion of Dr. Yakhmi, a consulting psychiatrist who evaluated Gunsaulies' mental condition and opined that Gunsaulies was disabled due to his physical problems. The administrative law judge discounted Dr. Yakhmi's opinion because Dr. Yakhmi's examination was based on a clinical assessment of Gunsaulies' psychological problems. Because Dr. Yakhmi did not submit any objective physical findings to support his opinion, the administrative law judge could properly discount it. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987).
 
 
 10
 The administrative law judge further found that the record did not contain objective medical evidence to support the alleged severity of Gunsaulies' pain arising from his condition. See Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986). Gunsaulies testified that he suffers from spasms in the low back and neck, with radiation symptoms into his legs. He further testified that these spasms cause him constant pain allowing him to stand for only short periods of time. However, the medical evidence does not confirm the severity of the alleged pain. X-rays of the back and neck revealed only mild-to-moderate abnormalities. Gunsaulies testified that he was able to walk two or three miles per day and only used over-the-counter medication to relieve his back pain.
 
 
 11
 Gunsaulies further argues that the administrative law judge erred in posing a hypothetical question to the vocational expert which presumed that Gunsaulies had the capacity to do light work. As already discussed, there is nothing in the record which indicates that Gunsaulies was not capable of performing light work. Hypothetical questions submitted to a vocational expert are proper if the limitations posed in the hypothetical question are supported by evidence in the record. See Maziarz v. Secretary of Health and Human Services, 837 F.2d 240, 247 (6th Cir.1987). The hypothetical question asked to the vocational expert adequately emphasized Gunsaulies' physical restrictions that were supported by the record.
 
 
 12
 Having rejected each of the claimant's arguments, we affirm the Secretary's denial of benefits.